**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Quinn P. Harrington
Assistant U.S. Attorney
Quinn.Harrington @usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Billy J. Williams, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

November 19, 2019

Doug Stamm and Justin Rusk
1000 SW Broadway Ste 1500
Portland OR 97205
*Attorneys for Karanjit Singh Khatkar*

Per Olson
1000 SW Broadway, Suite 1740
Portland, Oregon 97205
*Attorney for Jagroop Singh Khatkar*

Re:  *United States v. Karanjit Khatkar and Jagroop Khatkar*,
Case No. 3:19-cr-00303-SI
Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendants KARANJIT SINGH KHATKAR, and JAGROOP SINGH KHATKAR, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Contingent Agreement**:  This plea agreement is contingent on both defendants executing this plea agreement and performing according to its terms.  If either defendant fails to execute this plea agreement, it is void as to all defendants, and the USAO shall not be bound by its terms.  If either defendant fails to comply with any term of this plea agreement after executing it, the USAO shall be relieved of any obligation pursuant to this plea agreement, but none of the defendants can withdraw a guilty plea already accepted by the Court, including the provisions containing the waiver of appeal and collateral challenges described below.

3.  **Charges**:  Defendants agree to plead guilty to Counts 1 and 10 of the Indictment, which charge Conspiracy to Commit Wire Fraud and Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Sections 1349 and 1956(h).

4.  **Penalties**:  The maximum sentence for Count 1 is 20 years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), 3 years of supervised release, and a $100 fee assessment.

Revised May 2018

Re: Wired-Plea Agreement Letter
Page 2
November 19, 2019

The maximum sentence for Count 10 is 10 years' imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), 3 years of supervised release, and a $100 fee assessment.

Defendants agree to pay the fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done.

**Defendants understand that because defendants are not citizens of the United States, defendants' guilty pleas and convictions make it practically inevitable and a virtual certainty that defendants will be removed or deported from the United States. Defendants acknowledge and agree that each defendant's attorney has explained this and that each defendant still wants to plead guilty.**

5.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendants.  The USAO further agrees not to bring additional charges against defendants in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6.    **Elements and Factual Basis**:  In order for defendants to be found guilty of Count 1 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to commit the crime of Wire Fraud.

The crime of Wire Fraud has four elements: (a) the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; (b) the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (c) defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and (d) defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

Second, each defendant became a member of that conspiracy knowing of its objective and intending to help accomplish it.

In order for defendants to be found guilty of Count 10 of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, there was an agreement between two or more persons to commit the crime of money laundering in violation of 18 U.S.C. § 1957.

Re: Wired-Plea Agreement Letter
Page 3
November 19, 2019

The elements of money laundering in violation of 18 U.S.C. § 1957 are: (a) defendant knowingly engaged or attempted to engage in a monetary transaction; (b) defendant knew the transaction involved criminally derived property; (c) the property had a value greater than $10,000; (d) the property was, in fact, derived from Wire Fraud; and (e) the transaction occurred in the United States.

Second, each defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Defendants admit the elements of the offenses alleged in Counts 1 and 10 of the Indictment and also admit the following facts revealed in the government's investigation are true:

Defendants are brothers who live in Surrey, British Columbia, Canada. In or about October 2017, defendants agreed to devise a scheme to create a fake Twitter account for a virtual currency exchange with the purpose of luring victims to contact them for tech support related to the virtual currency exchange. Defendants intended to trick the victims into providing enough identifying information so they could gain access to the victims' virtual currency exchange accounts and steal virtual currency from the victims. As part of their scheme, defendants created the Twitter account @HitBTCAssist and falsely claimed to be the Twitter support account for the Hong Kong-based virtual currency exchange HitBTC. Their agreement to execute this scheme included an understanding that their scheme would cause the transmission by means of wire in interstate and foreign commerce of writings, signs, and signals through, among other things, their use of Twitter and virtual currency exchanges that involved signals and the like transmitting across state and international borders over the internet.

On or about July 11, 2018, ADULT VICTIM 1, within the District of Oregon, had trouble accessing her bitcoin stored with the bitcoin exchange HitBTC. She contacted the Twitter account @HitBTCAssist, mistakenly believing it to be a genuine Twitter account of the company. Defendants sent messages to ADULT VICTIM 1 through the Twitter account @HitBTCAssist encouraging her to send personal and account information. Using that information, defendants illegally accessed ADULT VICTIM 1's email account and virtual currency account at HitBTC. Defendants then stole approximately 23.2 bitcoin from ADULT VICTIM 1's HitBTC account by sending it to a virtual currency account owned by defendant KARANJIT SINGH KHATKAR. At the time of the theft, ADULT VICTIM 1's bitcoin was worth approximately $148,349.15.

Defendants also agreed to launder the stolen bitcoin. They agreed to engage in monetary transactions with the stolen bitcoin in amounts that exceeded $10,000 by exchanging the virtual currency through their virtual currency accounts held at a U.S.-based company. Specifically, defendant KARANJIT SINGH KHATKAR twice transferred portions of the stolen bitcoin to defendant JAGROOP SINGH KHATKAR, knowing the bitcoin was the proceeds of wire fraud, with a transfer of approximately 8 bitcoin on July 14, 2018, representing over $50,000, and a transfer of approximately 3.7 bitcoin on July 15, 2018, approximately $25,000 in value in

Re: Wired-Plea Agreement Letter
Page 4
November 19, 2019

bitcoin. They further engaged in monetary transactions in amounts that exceeded $10,000 when they each exchanged bitcoin for Canadian currency in various transactions exceeding $10,000. Each transaction involved proceeds of Wire Fraud, defendants knew so, and the transactions occurred, in the United States.

7.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.      **Relevant Conduct**:  For guidelines calculation purposes, the parties agree that Counts 1 and 10 group, Count 10 is the higher Offense Level to be used, and that the Offense Level will be 18, prior to adjustments. The parties agree to the following specific calculations.

    For Count 1, the parties agree that defendants' relevant conduct pursuant to USSG § 2B1.1 is a Base Offense Level of 7, prior to adjustments.

    The parties agree to the following adjustments for Count 1:

    (a)  The parties agree that the loss or attempted loss associated with defendants' illegal conduct is $148,349.15, resulting in a 8-level increase under USSG § 2B1.1(b)(1)(H).

    (b)  The parties agree that a substantial part of the fraudulent scheme was committed from outside the United States and the offense otherwise involved sophisticated means and the defendants engaged in or caused the conduct constituting sophisticated means, resulting in a 2 level increase (and a minimum offense level of 12) under USSG § 2B1.1(b)(10).

    For Count 10, the parties agree that the base offense level is the level for Count 1 as calculated which is 17, pursuant to USSG § 2S1.1(a)(1). Because defendant is pleading guilty to 18 U.S.C. § 1956(h) with § 1957 as the object of the conspiracy, the parties agree that a 1-level increase applies under USSG § 2S1.1(b)(2)(A).

9.      **Acceptance of Responsibility**:  Defendants must demonstrate to the Court that each defendant fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case.  If defendants do so, the USAO will recommend a three-level reduction in offense level (two levels if offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendants, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10.     **Joint Sentencing Recommendation**:  Defendants will recommend a 24 month term of imprisonment for each defendant, regardless of the final guidelines calculations. Defendants understand that this sentence may be the high-end of or above the guideline-range but agree to

Re: Wired-Plea Agreement Letter
Page 5
November 19, 2019

recommend a 24-month sentence and agree that a 24-month sentence is appropriate under the
factors set forth in 18 U.S.C. § 3553(a). If both defendants comply with all of the terms of this
agreement, including paying the restitution as specified in this agreement, the USAO will also
recommend a 24-month sentence of imprisonment.

**Defendants understand that if either defendant is released pending sentencing, and
if either defendant fails to appear at sentencing, that failure to appear will be considered a
waiver of appearance and voluntary absence, and defendants agree that the Court may
sentence a nonappearing defendant in abstentia consistent with Federal Rule of Criminal
Procedure Rule 43(c).**

11.   **Additional Departures, Adjustments, or Variances**:

As long as both defendants comply with all parts of this agreement, the USAO agrees not
to seek any upward departures, adjustments, or variances to the advisory sentencing guideline
range, or to seek a sentence in excess of that range, except as specified in this agreement.
Defendants agree not to seek any downward departures, adjustments, or variances to the advisory
sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C.
§ 3553, or to seek a sentence below that range, except as specified in this agreement.

As noted above, both defendants and the USAO agree to jointly recommend a 24-month
sentence of imprisonment for each defendant as long as defendants comply with all of the terms
of this agreement.

12.   **Waiver of Appeal/Post-Conviction Relief**: Defendants knowingly and voluntarily
waive the right to appeal from any aspect of the conviction and sentence on any grounds, except
for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court
arrives at an advisory sentencing guideline range by applying an upward departure under the
provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18
U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as
determined by the Court and exceeds a joint recommendation of 24-months recommended by the
parties. Should either defendant seek an appeal, despite this waiver, the USAO may take any
position on any issue on appeal. Defendants also waive the right to file any collateral attack,
including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence
on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in
Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendants' convictions
under this agreement are vacated, the government may reinstate and/or file any other charges,
and may take any position at a resentencing hearing, notwithstanding any other provision in this
agreement.

13.   **Court Not Bound**: The Court is not bound by the recommendations of the parties or of
the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of
the Federal Rules of Criminal Procedure, a defendant may not withdraw any guilty plea or

Re: Wired-Plea Agreement Letter
Page 6
November 19, 2019

rescind this plea agreement if the Court does not follow the agreements or recommendations of
the parties.

14.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and
the Court of the facts and law related to defendant's case.  Except as set forth in this agreement,
the parties reserve all other rights to make sentencing recommendations and to respond to
motions and arguments by the opposition.

15.     **Breach of Plea Agreement**:  If a defendant breaches the terms of this agreement, or
commits any new criminal offenses between signing this agreement and sentencing, the USAO is
relieved of its obligations under this agreement, but a defendant may not withdraw any guilty
plea.

        If a defendant believes that the government has breached the plea agreement, the
defendant must raise any such claim before the district court, either prior to or at sentencing.  If a
defendant fails to raise a breach claim in district court, that defendant has waived any such claim
and is precluded from raising a breach claim for the first time on appeal.

16.     **Amount of Restitution**:  Defendants understand that 18 U.S.C. § 3663A requires that a
defendant must pay the **greater** of the value of the property on the date of the loss or on the date
of the sentencing. Defendants agree that the value of the bitcoin they stole from ADULT
VICTIM 1 is $148,349.15 as of the date of the loss to the victim. Defendants understand that the
victim may request additional restitution, and the Court will ultimately decide the amount of
restitution.

        **Advance Payment on Restitution**
        Defendants agree to allow the government to apply the currency seized from KARANJIT
SINGH KHATKAR upon his arrest, consisting of $6,000 in United States Dollars and $230 in
Canadian Dollars, to the restitution judgment.

        Defendants agree to deliver a certified check or money order to the USAO in the amount
of at least $142,349.15 **on or before the day of the change of plea**, payable to the "Clerk, U.S.
District Court," to be deposited into the court registry until the date of sentencing and, thereafter,
to be applied to satisfy the financial obligations of defendant, pursuant to the judgment of the
Court.

        Further, although the final restitution amount is uncertain, defendants agree to pay the
remaining restitution **up to $60,000 on or before the day of sentencing**. Defendants understand
that if they do not pay the amounts set forth above, they will have breached the agreement and
the government will be relieved of its obligation to dismiss counts and to limit its sentencing
recommendation.

Re: Wired-Plea Agreement Letter
Page 7
November 19, 2019

### Appearance Bond Released for Restitution

Should defendants post an appearance bond in this case and satisfy the terms of the bond, defendants authorize the "Clerk, U.S. District Court" to release the funds posted as security for defendants' appearance bond in this case to be applied to satisfy the outstanding financial obligation of defendants, pursuant to the judgment of the Court. If defendants fail to comply with the conditions of the bond and the Court enters forfeiture of the bond, the bond money will not be applied to defendants' restitution judgment.

### Conditions Regarding Any Remaining Balance

Should any balance of restitution remain two weeks after the date of sentencing, the following terms apply.

Each defendant agrees to fully disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Each defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Each defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Each defendant expressly authorizes the USAO to obtain a credit report on defendant. Each defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Each defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that a defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

### Transfer of Assets

Each defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### Restitution

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Each defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this plea agreement.

Re: Wired-Plea Agreement Letter
Page 8
November 19, 2019

Each defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable. Each defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, each defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Each defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), each defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), each defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17.    **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If a defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.    **Deadline**: This plea offer expires if not accepted by December 5, 2019 at 1:00 p.m. To accept this offer, defendants must sign this agreement, send the signed agreement to the government, and contact the Court to request a date for a change of plea hearing.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

QUINN P. HARRINGTON
JULIA JARRETT
Assistant United States Attorneys

Re: Wired-Plea Agreement Letter
Page 9
November 19, 2019

     I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.


_____
Date

_____
Defendant Karanjit Singh Khatkar


     I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.


_____
Date

_____
Attorney for Karanjit Singh Khatkar


     I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.


*Nov 28 / 19*
_____
Date

*JKhatka*
_____
Defendant Jagroop Singh Khatkar


     I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

*12/16/19*
_____
Date

_____
Attorney for Jagroop Singh Khatkar
*Per C. Olson*