IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**,

v.

**JAGROOP SINGH KHATKAR**,

Defendant.

Case No. 3:19-cr-303-SI-02

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

Defendant Jagroop Singh Khatkar, age 25, pleaded guilty to one count of conspiracy to commit wire fraud and one count of conspiracy to commit money laundering. On March 17, 2020, the Court sentenced Mr. Khatkar to a term of imprisonment of 24 months, followed by three years of supervised release. At Mr. Khatkar's request, the Court allowed him to self-surrender on September 24, 2020. At Mr. Khatkar's further request, the Court recommended to the Bureau of Prisons (BOP) that Mr. Khatkar be allowed to serve his sentence at the Federal Detention Center at SeaTac (FDC SeaTac) to be closer to his family in Canada. Mr. Khatkar self-surrendered on September 24, 2020. The BOP has scheduled Mr. Khatkar's release date for June 6, 2022. He has served less than four months of his 24-month sentence.

PAGE 1 – OPINION AND ORDER

Mr. Khatkar currently is incarcerated at FDC Sea-Tac. As of January 12, 2021, the BOP reports 42 inmates and 11 staff currently testing positive for COVID-19 and 216 inmates and 18 staff having recovered from COVID-19. *See* https://www.bop.gov/coronavirus/ (lasted visited January 12, 2021). On December 18, 2020, less than three months after self-surrendering, Mr. Khatkar, through counsel, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF 77. The Government agrees that Mr. Khatkar has exhausted his administrative remedies but opposes Mr. Khatkar's motion on the merits. ECF 83. For the reasons that follow, the Court denies Mr. Khatkar's motion to reduce sentence.

## LEGAL FRAMEWORK FOR COMPASSIONATE RELEASE

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Congress, however, has authorized a district court to modify a defendant's sentence in three limited circumstances: (1) when granting a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A); (2) when expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) when a defendant has been sentenced based on a sentencing range that later has been lowered by the United States Sentencing Commission (USSC). 18 U.S.C. § 3582(c)(1). The motion before the Court seeks compassionate release.

Before 2018, § 3582(c)(1)(A) required that a motion for compassionate release be brought only by the BOP. The First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), amended § 3582 to authorize courts to grant a motion for compassionate release filed by a defendant. A defendant, however, may only bring a motion for compassionate release after: (1) petitioning the BOP to make such a motion on the defendant's behalf; and (2) either (a) the defendant has exhausted all administrative appeals after the BOP denied the defendant's

petition or (b) thirty days has elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).[1]

Compassionate release under § 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The USSC policy statement for reducing a term of imprisonment under § 3582(c)(1)(A) is found in the United States Sentencing Guidelines Manual (USSG) at § 1B1.13. That policy statement explains the phrase "extraordinary and compelling reasons." USSG § 1B1.13(1)(A) and cmt. 1. Four out-of-circuit federal appellate courts, however, have held that § 1B1.13 does not apply to a motion filed by a defendant.[2]

Section 3582(c)(1)(A) also directs a district court to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The factors under § 3553(a) include: the nature and circumstances of the offense; the history and characteristics of the defendant; and the

---

[1] The United States Courts of Appeal for the Fifth and Sixth Circuits have held that a defendant's failure to satisfy this administrative exhaustion requirement does not deprive a court of subject-matter jurisdiction; instead, this is a mandatory claim-processing rule that binds a court when properly asserted by the Government and not forfeited. *See United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020); *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020) (agreeing with *Alam*). The Ninth Circuit has not yet addressed this issue.

[2] In *United States v. Brooker*, 976 F.3d 228, 235-36 (2d Cir. 2020), the Second Circuit held that USSG § 1B1.13 is not applicable, and therefore not binding, as to motions filed by a defendant because that section has not been updated since the First Step Act expanded the compassionate release statute to permit defense-filed motions. The Second Circuit explained that the policy statement "is clearly outdated" because it still requires a "motion of the Director of the Bureau of Prisons." *Brooker*, 976 F.3d at 235. The Fourth, Sixth, and the Seventh Circuits agree with the Second Circuit on this point. *See United States v. McCoy*, 981 F.3d 271, 281-82 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1110 (6th Cir. Nov. 20, 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. Nov. 20, 2020). The Ninth Circuit has not yet addressed this issue.

need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). Thus, in resolving a motion for early release from incarceration brought under § 3582(c)(1)(A)(i), a district court must be sensitive to the factors in § 3553(a), including the protection of the public.

Compassionate release is "rare" and "extraordinary," and courts routinely deny such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release . . . is an extraordinary and rare event.") (citation omitted). A defendant bears the burden to show special circumstances meeting the high bar set by Congress for compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)). As other district courts have noted: "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020) (rejecting a claim for compassionate release from a defendant suffering from severe back injuries and epilepsy) (brackets in original) (quoting *United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019)). A court also must consider the sentencing factors under § 3553(a), to the extent they are applicable. *See* § 3582(c)(1)(A).

## DISCUSSION

Mr. Khatkar states that he "suffers from moderate asthma, which puts him at a higher risk for serious illness should he contract the virus as compared to persons without a concerning health condition." ECF 77 at 7. Mr. Khatkar adds that the numbers of active COVID-19 cases among inmates and staff at SeaTac FDC put him "in immediate danger for the BOP's failure to control the spread of the virus at this facility." *Id*. Mr. Khatkar calls the Court's attention to cases granting compassionate release to prisoners with asthma. ECF 77 at 9 (citing *United States v. Gorai*, 2020 WL 1975372, at *3 (D. Nev. Apr. 24, 2020); *United States v. Park*, 2020 WL 1970603, at *1, *3 (S.D. N.Y. Apr. 24, 2020); *United States v. Rodriguez*, 2020 WL 4592833 (S.D. Cal. August 5, 2020); *United States v. Head*, 2020 WL 3180149 (E.D. Cal. June 15, 2020); *United States v. Fowler*, 445 F.Supp.3d 452, (N.D. Cal. 2020); *United States v. Lee*, 445 F.Supp.3d 272 (N.D. Cal. 2020); *United States v. Gileno*, 2020 WL 1916773 (D. Conn. Apr. 20, 2020)).

The Government agrees that the CDC has determined that adults with moderate to severe asthma might be at increased risk of becoming seriously ill from COVID-19. ECF 83 at 3 (footnote omitted). The Government adds that although Mr. Khatkar only brought one inhaler with him when he reported to prison, BOP has now provided him with two inhalers. *Id*. The Government also states that BOP performed an x-ray on Mr. Khatkar to get a baseline for his asthma and found that his lungs were clear and there was no evidence of an acute cardiopulmonary process. *Id*. From this, the Government concludes that nothing in the records suggest that Mr. Khatkar, who is 25 years old, has a "severe" health condition that puts him at extremely high risk from COVID. *Id*. at 3-4.

In addition, the Government calls the Court's attention to cases denying compassionate release to prisoners with asthma. ECF 83 at 4 (citing *United States v. Freedland*, 2020 WL

PAGE 5 – OPINION AND ORDER

4926542, at *4 (E.D. Pa. Aug. 21, 2020) (denying compassionate release "in light of the CDC's recommendation that asthma may only possibly increase a person's risk of severe illness from COVID-19" and finding that asthma does not diminish his ability to provide self-care); *United States v. Goode*, 2020 WL 6445930, at *5 (E.D. Pa. Nov. 2, 2020) (denying compassionate release, noting that many courts have denied compassionate release based on asthma, and citing cases); *United States v. Haft*, 2020 WL 3412195, at *4 (D. Or. June 22, 2020) (denying compassionate release to defendant with asthma who had 30 months remaining)).

Mr. Khatkar also argues that he "feels overwhelmed by stress over fear that he might contract the virus, and that psychological stress further increases the risk by degrading his immune system." ECF 77 at 9. The Government responds that "the general fear of COVID—even at an institution with an outbreak—is simply not enough to warrant compassionate release." ECF 83 at 4. In support, the Government cites *United States v. Hegyi*, 2020 WL 7090710, at *2 (N.D. Ind. Dec. 4, 2020) (denying compassionate release despite outbreak at institution and finding that "the presence of COVID-19 in a prison, even in large numbers, does not justify compassionate release on its own"); *United States v. Adkins*, 2020 WL 3058097, at *2 (S.D. Cal. June 9, 2020) (finding that the fact that defendant "has mental health problems exacerbated by anxiety over COVID-19 is insufficient to rise to the level of 'extraordinary and compelling' circumstances warranting compassionate release").

The Government further responds by correctly noting that before granting compassionate release, a district court must also consider all pertinent circumstances, including the factors under § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The Government explains that Mr. Khatkar, despite being well-educated and having a good job, engaged in fraud to steal money to fund a lavish lifestyle and was driven by greed, not necessity. The Court imposed a 24-month sentence for that

crime and granted Mr. Khatkar's request to postpone his self-surrender date. (That Court also observes that as the self-surrender date of September 24, 2020 was approaching, Mr. Khatkar did *not* request a further postponement of his self-surrender date to avoid incarceration while the COVID pandemic was still present. The Court has regularly been granting such extensions of self-surrender obligations for that reason.) Mr. Khatkar has served less than 17 percent of his 24-month sentence (and less than 20 percent of his sentence based on the BOP's projected release date). Granting compassionate release now would allow Mr. Khatkar to serve less than four months' imprisonment for a sophisticated fraud. Such a sentence would not reflect the seriousness of the offense. Accordingly, Mr. Khatkar has not met his burden of showing that early release is warranted.

## CONCLUSION

The Court has considered all relevant factors for compassionate release and denies Mr. Khatkar's Motion for Sentence Reduction (ECF 77).

**IT IS SO ORDERED.**

DATED this 12th day of January, 2021.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge
